PER CURIAM.
Appellant, Victor Montesino, seeks review of the lower court’s order denying his motion for correction and/or clarification of his sentence. made pursuant to rule 3.800, Florida Rules of Criminal Procedure. In that motion, Montesino first urges that he was not appropriately awarded 495 days credit for time served to which he was entitled. We find no merit to this assertion as the record clearly reflects that Montesino actually received 495 days credit for time served.
Montesino also seeks clarification of whether the sentence imposed in case number 92-24450 was to run concurrent or consecutive with other active sentences being served by him at that time. We note the absence of any indication in the record of whether the sentence in 92-24450 was to run concurrent or consecutive to'-outstanding sentences in other cases. Furthermore, the record also does not disclose whether' Mon-tesino’s sentence in this case was imposed pursuant to a plea agreement or guilty verdict. As the state properly concedes, it is appropriate for this cause to be remanded to the trial court for its specification of whether Montesino’s sentence in 92-24450 is to be served concurrent or consecutive with any other active sentences being served by Mon-tesino.